THE STATE OF IOWA, Appellee, v. BERT ATKINS, Appellant.

Robbery: INSTRUCTIONS. On a prosecution for an assault with intent to rob it is not necessary for the court in its instructions to define the word "assault".

Same. Where the court sufficiently instructs the jury in the essential elements of the crime of robbery, there is no necessity for further definition of the crime.

Instructions: INCLUDED OFFENSES. Where the evidence shows that the defendant is either guilty or not guilty of the crime charged, an instruction as to included offenses need not be given.

*Appeal from Polk District Court.*—HON. O. P. HOLMES, Judge.

THURSDAY, JANUARY 14, 1904.

THE defendant, together with Creed Bailey and George Anderson, were jointly indicted by the grand jury of Polk county for the crime of assault with intent to rob. This defendant—Bert Atkins—demanded and was given a separate trial. He was convicted, and from a judgment imposing a term in the penitentiary he appeals.—*Affirmed.*

*O. G. Moen* for appellant.

*Chas. W. Mullan*, Attorney General, *Jesse A. Miller*, County Attorney, and *Robt. O. Brennan*, Assistant County Attorney, for the State.

BISHOP, J.—The appellant complains because the trial court, in its instructions to the jury, failed to define what

constitutes an assault; also what constitutes a robbery. In the second instruction, as given, the court told the jury, in substance, that, before the defendant could be found guilty, it must appear from the evidence that he, either alone or with other persons, assaulted the prosecuting witness with the intent to, violently and feloniously, and by putting in fear, rob, steal, and carry away the money, goods, and chattels of the prosecuting witness, then and there upon his person, etc. We think this instruction was sufficient. There was no occasion to enter upon a definition of the word "assault." All men of common understanding accept of the word as meaning an interference, without right or authority, on the part of one person with the liberty of person on the part of another. The word is of such general use, and its meaning so well understood, that there is no more necessity for definition than there is to give definition to the expressions "to. strike" and "to beat," when used in connection with an indictment.

So too, we think the instruction given sufficiently advised the jury of the essential elements of the crime charged, and there was no necessity for a further definition of the crime of robbery. The offense, as defined by statute, is that if any person, with force or violence, or by putting in fear, steal and take from another any property that is the subject of larceny, he is guilty of robbery, etc. Code, section 4753. The instruction made it clear to the jury that a verdict of guilty would not be warranted unless an assault was proven, and that such assault was made with intent to, violently and feloniously, and by putting in fear, steal the money, etc., from the person of the prosecuting witness. This, if found, would be robbery. If the instruction be faulty at all, it is for the reason that it put upon the state even a greater burden than the statute in terms requires. We do not say that the trial court might not properly have entered upon definitions, more or less refined, of the words and phrases used in its instruc-

tions. But if the defendant desired such to be done, he should have made a request therefor. Not having done so, he is in no position to complain. *State v. Tweedy* 11 Iowa, 350; *State v. Watson*, 81 Iowa, 380.

II. Appellant complains because the court did not instruct as to the included offenses of assault and battery and a simple assault. Without setting forth the evidence, we may say that it was made to appear conclusively that the assault was with the intent to rob. No other construction can be put upon the evidence. The persons committing it were guilty of that crime, if guilty at all. Indeed, upon the trial in the court below it seems to have been so conceded. The defendant placed his whole reliance upon being able to establish an alibi. We have frequently held that if the evidence shows that the defendant is either guilty of the crime charged, or not guilty, it is not error to omit to charge the jury as to the lower grades of crime. *State v. Sterrett*, 80 Iowa, 613; *State v. Cole*, 63 Iowa, 695.

We find no error in the record, and, as the verdict was fully warranted by the facts made to appear, the judgment must be, and it is, AFFIRMED.